56330-5/tfb[20320277]

IN THE UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

**08-22111-CIV-LENARD/GARBER**

AUGUSTO MEDINA,

    Plaintiff,

vs.

UNITED CHRISTIAN EVANGELISTIC
ASSOCIATION OF FLORIDA, LLC, a
Florida Corporation, UNITED
CHRISTIAN EVANGELIST
ASSOCIATION OF FLORIDA, INC., a
Florida Corporation, UNITED
CHRISTIAN EVANGELIST
ASSOCIATION, INC., and Frederick "Ike"
Eikerenkoetter, individually,

    Defendants.

_____/

FILED by **IG** D.C.
ELECTRONIC

**July 25, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## NOTICE OF REMOVAL

Defendants, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, LLC, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, INC., and UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, INC., by and through the undersigned counsel, and pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, file and serve this Notice of Removal of the present civil action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Case No.: 05-06656 CA 22), to the United States District Court for the Southern District of Florida, Miami Division, and in support of this Notice of Removal, Defendants state as follows:

1. Plaintiff Augusto Medina filed a Fifth Amended Complaint which became effective on July 15, 2008.

2. In Plaintiff's Fifth Amended Complaint, he asserts that UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, LLC, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, INC., and UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, INC. jointly employed him as a driver, valet, and personal assistant for Reverend Frederick "Ike" Eikerenkoetter.  Further, Plaintiff alleges that these entities were an integrated enterprise and that Reverend Frederick "Ike" Eikerenkoetter was the superior officer and most senior manager of these entities.

3. In Plaintiff's Fifth Amended Complaint, he asserts that during his alleged employment with UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, LLC, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, INC., and UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, INC., he was forced to engage in nonconsensual sexual activity with Reverend Frederick "Ike" Eikerenkoetter on at least six occasions.

4. The Fifth Amended Complaint contains eight counts including causes of action under state law and federal law.  The Fifth Amended Complaint is the initial pleading in which the Plaintiff attempts to state causes of action arising under federal law.

5. Count VI of the Plaintiff's Fifth Amended Complaint seeks to state a cause of action for sexual harassment under TITLE VII of the Civil Rights Act of 1964,

42 U.S.C.S. §§ 2000e et seq. against UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, LLC, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, INC., and UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, INC.

6. Count VIII of the Plaintiff's Fifth Amended Complaint seeks to state a cause of action for retaliation under TITLE VII of the Civil Rights Act of 1964, 42 U.S.C.S. §§ 2000e et seq. against UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, LLC, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, INC., and UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, INC.

7. When the Plaintiff's Fifth Amended Complaint became effective on July 15, 2008, this case became removable. 28 U.S.C. § 1441 prescribes which cases are generally removable. It states in part,

> ...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The procedure for removal is set forth in 28 U.S.C. § 1446. With respect to timing for removal, 28 U.S.C. § 1446 provides in pertinent part,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...

8. This Court has original jurisdiction over Counts VI and VIII pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4), because the Plaintiff's Fifth Amended Complaint raises a federal question under 42 U.S.C.S. §§ 2000e et seq. Since Plaintiff's

3

Fifth Amended Complaint is the first pleading to assert a claim arising under federal statute, this Notice of Removal is timely.

9. Further, Congress granted federal courts supplemental jurisdiction of certain claims by enacting 28 U.S.C. § 1367, which states in part,

> ...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The state claims asserted by the Plaintiff in the Fifth Amended Complaint include Count I: Assault, Count II: Battery, Count III: Intentional Infliction of Emotional Distress, Count IV: Negligent Retention/Negligent Supervision, Count V: Sexual Harassment—Florida Civil Rights Act, and Count VII: Retaliation—Florida Civil Rights Act. Each of these claims arise out of the same alleged acts of sexual misconduct as the Title VII claims asserted under 42 U.S.C.S. §§ 2000e et seq. Since the state claims and federal claims share a common nucleus of operative fact, federal supplemental jurisdiction over the state claims is proper.

10. In accordance with 28 U.S.C. § 1446(a), a copy of all available process, pleadings, and orders served upon the defendants is attached.[1]

---

[1] The undersigned is in the process of copying all State Court documents, but based on the size of the State Court file, additional time is necessary to obtain a complete copy. In accordance with this Court's General Civil Case Filing Requirements, all State Court documents will be filed once a complete copy is obtained.

4

11. Reverend Frederick "Ike" Eikerenkoetter is the only other defendant named in this action, and he has consented to this removal on the record by concurrently filing a notice of consent to removal.

WHEREFORE, Defendants, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, LLC, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, INC., and UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, INC., respectfully request this Court to remove the present action to the United States District Court for the Southern District of Florida, Miami Division.

WE HEREBY CERTIFY that a true copy of the foregoing was mailed on 25 day of July, 2008 to Jennifer Ator, Hankins & Ator, PL, *Counsel for Plaintiff*, 371 North Royal Poinciana Blvd., Miami Springs, FL 33166.

WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
Attorneys for Defendants UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, LLC, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, INC., UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, INC., and FREDERICK "IKE" EIKERENKOETTER
Post Office Box 2753
Orlando, FL 32802-2753
Phone: (407) 843-3939
Fax: (407) 649-8118

By: _____
Richards H. Ford
rford@wickersmith.com
Florida Bar No. 288391

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

S6330-5
RFNPMIOJCHGK

GENERAL JURISDICTION DIVISION
CASE NO: 05-06656 CA 22

Medina

Plaintiff(s),

vs.

UCEA et al.

Defendant(s).

ORDER
~~GRANTING~~/DENYING
PLAINTIFF'S/~~DEFENDANT'S~~

Motion for Leave to Amend

_____/

THIS CAUSE having come on to be heard on July 15, 2008
on Plaintiff's/Defendant's Motion Plaintiff's Motion for Leave to Amend

and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby Granted. Defendants shall have 10 days to respond to the Fifth Amended Complaint. In ¶ 35, the language "immediate and/or imminent" is added by interlineation.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this 15 day of July, 2008.

_____
CIRCUIT COURT JUDGE

Copies furnished to: Counsel of Record

117.01-554 1/03

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO: 05- 06656 CA 22

Medina
         Plaintiff(s),

vs.

UCEA et al.
         Defendant(s).

ORDER
GRANTING/~~DENYING~~
PLAINTIFF'S/DEFENDANT'S
Motion to DISMISS
Fourth Amended Complaint

THIS CAUSE having come on to be heard on July 15, 2008 on Plaintiff's/Defendant's Motion to DISMISS

and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby Denied.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this 15 day of July, 2008.

_____
CIRCUIT COURT JUDGE

Copies furnished to: Counsel of Record

117.01-554 1/03

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO: 05-06656 CA 22



Medina

Plaintiff(s),

vs.

UCEA et al.

Defendant(s).

ORDER
~~GRANTING~~/DENYING
~~PLAINTIFF'S~~/DEFENDANT'S
Motion to Compel -
Request for Production

_____/

THIS CAUSE having come on to be heard on July 15, 2008 on Plaintiff's/~~Defendant's~~ Motion to Compel Response to Plaintiff's Request for Production + Ans to Interrogatories. and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereupon , move for rehearing, enter into stip. +/or

ORDERED AND ADJUDGED that said Motion be, and the same is hereby granted in its entirety. Defendants shall have in whatever 10 days to produce documents Ans to Interrogat combination the However, if parties agree Defendant can establish previous court transcripts to (or or case law to establish the Court should agree to reconsider this order. Plaintiffs shall submit disagree another stipulation* in 5 days. to).

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this ___15___ day of ___July___, 2008

_____
CIRCUIT COURT JUDGE

* that might resolve some of the discovery issues.

Copies furnished to: Counsel of Record

117.01-554 1/03

UNITED STATES DISTRICT COURT • SOUTHERN DISTRICT OF FLORIDA

# ATTACHMENT(S) NOT SCANNED/SCANNED
### and are available in the
## SUPPLEMENTAL PAPER FILE

## PLEASE REFER TO COURT FILE MAINTAINED IN THE OFFICE WHERE THE JUDGE IS CHAMBERED

CASE NO. ___08-22111-Lenard/Garber___

Date ___JUL 25 2008___

- ☐ **DUE TO POOR QUALITY**
- ☒ **VOLUMINOUS** (exceeds 999 pages = 4 inches)
  consisting of (boxes, notebooks, etc.) _____
- ☐ BOUND EXTRADITION PAPERS
- ☐ ADMINISTRATIVE RECORD (Social Security)
- ☐ ORIGINAL BANKRUPTCY TRANSCRIPT
- ☐ STATE COURT RECORD/TRANSCRIPT (Habeas Cases)
- ☐ SOUTHERN DISTRICT TRANSCRIPTS
- ☐ LEGAL SIZE
- ☐ DOUBLE SIDED
- ☐ PHOTOGRAPHS
- ☐ SURETY BOND (original or letter of undertaking)
- ☐ CD's, DVD's, VHS Tapes, Cassette Tapes
- ☐ OTHER = _____

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Augusto Medina

**DEFENDANTS**
United Christian Evangelistic Assoc. of Fla., LLC
United Christian Evangelist Assoc. of Fla., Inc.
and Frederick Eikerenkoetter

(b) County of Residence of First Listed Plaintiff  **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Miami-Dade**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Jennifer Ator, Hankins & Ator, 371 N Royal Poinciana Blvd., Miami Springs, FL 33166

Attorneys (If Known)

Richards H. Ford and Oscar Cabanas, Wicker, Smith, O'Hara, McCoy & Ford, P.A., Post Office Box 2753, Orlando, FL 32802-2753

(d) Check County Where Action Arose: ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade 08CV22111-Lenard/Garber

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | | |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | |

FILED by **IG** D.C.
ELECTRONIC
**July 25, 2008**
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
✓ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ☐ NO
JUDGE                                DOCKET NUMBER

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. sections 2000e et seq.
Brief description of cause: Alleged sexual harassment and retaliation
LENGTH OF TRIAL via **6** days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD  s/
DATE

FOR OFFICE USE ONLY
AMOUNT $350.°°  RECEIPT # 984420
07/25/08