IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 08-22111-CIV-COOKE/BANDSTRA

AUGUSTO MEDINA,

        Plaintiff,

vs.

UCEA *et al.,*

        Defendants.

_____/

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND
THE FIFTH AMENDED COMPLAINT TO ADD PUNITIVE DAMAGES**

Plaintiff, Augusto Medina, ("Medina"), pursuant to Fed. R. Civ. Pro. 7(b) and Fla. Stat. §768.72, moves the Court for leave to amend the Fifth Amended Complaint to add a claim for punitive damages. Pursuant to the rules, Plaintiff attaches the Sixth Amended Complaint to this Motion for Leave to Amend as Exhibit 1. In support of his motion, Medina files the incorporated memorandum of law.

CERTIFICATE OF COMPLAINCE WITH LOCAL RULE 7.1

Plaintiff's counsel conferred with Defendants' counsel who advised that Defendants oppose the relief requested by Plaintiff.

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO AMEND
THE FIFTH AMENDED COMPLAINT TO ADD PUNITIVE DAMAGES

**Summary of Argument**

Plaintiff moves the Court for leave to amend the complaint to add a claim for punitive damages. Florida Statute 768.72 provides that Plaintiff must move for leave to amend to add punitive damages and provide a properly verified factual proffer to support a reasonable basis for such damages.

Plaintiff seeks to add a claim for punitive damages with respect his battery and intentional infliction of emotional distress claims and provides his deposition testimony in support of his Motion for Leave to Amend.

**Factual Background**

Plaintiff sued Defendants for assault, battery, intentional infliction of emotional distress, negligent retention and supervision, sexual harassment and retaliation. On July 25, 2008, this case was removed from the 11th Judicial Circuit in and for Miami-Dade County, Florida. On August 1, 2008, Defendants filed a Motion to Dismiss. On September 2, 2008, this case was consolidated with another case filed previously in this Division. On October 13, 2008, the Court entered a scheduling order in the consolidated matter requiring the parties to amend the pleadings on or before March 12, 2009.

On March 10, 2009, the Court dismissed the assault claim in the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. In his Fifth Amended Complaint, Plaintiff seeks punitive damages for his sexual harassment and retaliation claims. At this point, Plaintiff seeks to add a punitive damage claim for his battery and intentional infliction of emotional distress claim and remove his assault claim from the Complaint pursuant to the Court's Order.

Defendant will not be prejudiced by the relief requested as Plaintiff already has a claim for punitive damages as to four counts and seeks to add the claim for punitive damages to the additional counts. Plaintiff is amending the Complaint so that he may seek from the jury the full relief he is entitled.

Plaintiff testified that he was forced to provide Rev. Ike with sexual favors. Plaintiff testified that Rev. Ike placed Plaintiff's hand on Rev. Ike's penis during multiple incidents.

[Medina Depo. dated 2/20/07 p. 9 through 46 and p. 111 through 134.][1] Plaintiff further testifies that Rev. Ike required Medina to allow Rev. Ike to ejaculate in Medina's mouth and Rev. Ike pushed open Medina's mouth. [Medina Depo. dated 2/20/07 p. 111 through 134.] Medina testified that the sexual contact was not consensual. [Medina Depo. dated 2/20/07 p. 9 through 46 and p. 111 through 134.]

Rev. Ike testified that he is the ultimate decision maker for the Church and all its entities. [Rev. Ike Depo. dated 3/20/07 p.62 and 5/16/07 p.198.][2] Rev. Ike also testified that he considers the main office for the Church to be at the parsonage where he is currently residing. [Rev. Ike Depo dated 5/16/07 p. 210-212]. Rev. Ike was unaware of the differences between the corporate entities. [Rev. Ike Depo dated 5/16/07 p. 210-212].[3] Rev. Ike has confirmed that UCEA is the "parent church" to the other entities. [Response to interrogatory number 7 served April 25, 2007.][4]

**Legal Standards**

*Legal Standard for a Motion for Leave to Amend*

Leave to amend shall be freely given when justice so requires. Fed. R. Civ. Pro. 15(a). The Supreme Court has clearly provided that unless there is undue delay, bad faith, undue prejudice, or futility of the amendment, leave to amend should be freely given. *Francois v. Fried Green Tomatoes, Inc.*, 2006 U.S. Dist. LEXIS 97092 *1 (S.D. Fla. 2006) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1] Augusto Medina's deposition was taken on February 20, 2007. Copies of the pages cited herein are attached as Exhibit 2 to this Motion for Leave to Amend.

[2] Rev. Ike's deposition was taken on March 20, 2007 and May 16, 2007. Copies of the pages cited herein are attached as Exhibit 3 to this Motion for Leave to Amend.

[3] Defendants have not disputed the allegation that the corporate entities were joint employers and the Court declined to dismiss the corporate defendants on the issue of vicarious liability. Plaintiff does not believe this is a remaining issue.

[4] Copies of Plaintiff's First Set of Interrogatories to Rev. Ike and Rev. Ike's responses to Plaintiff's First Set of Interrogatories are attached as Exhibit 4 to this Motion for Leave to Amend.

*Legal Standard for Amending to add a Claim for Punitive Damages*

A claim for punitive damages is not permitted unless there is a reasonable showing by evidence in the record which would provide a reasonable basis for recovery of punitive damages. Fla. Stat. §768.72(1) (2008).   Plaintiff is required to move for leave to amend the complaint to assert a claim for punitive damages.  *Id.*

When Plaintiff is proceeding under supplemental jurisdiction for his state tort claims in a sexual harassment matter, he is required to follow the procedure set out in the Florida Statutes to state a claim for punitive damages for those supplemental state law claims.  *Sanders v. Mayor's Jewelers, Inc.*, 942 F. Supp. 571, 576 (S.D. Fla. 1996).

*Legal Standard for Punitive Damages*

Defendant may be held liable for punitive damages if the trier of fact finds Defendant guilty of intentional misconduct. Florida Stat. §768.72(2).

Intentional torts, within their elements, supply the requisite proof of malicious intent to justify a punitive damage award.  *Canseco, Jr. and Canseco v. Cheeks and Presley*, 939 So. 2d 1122, 1123 (3rd DCA 2006) (holding an award of punitive damages was proper when the trier of fact found the Cansecos liable for battery and intentional infliction of emotional distress).

In the case of the corporate defendants, punitive damages may be imposed for the conduct of an agent if the officers, directors, or managers of the corporation knowingly condoned, ratified or consented to such conduct.  Florida Stat. §768.72(3).

*Legal Standard for Battery*

"Battery consists of the infliction of harmful or offensive contact upon another with the intent to cause such contact or apprehension that such contact is imminent."  *Quilling v. Price*, 894 So. 2d 1061, 1063 (Fla. 5th DCA 2005).  Plaintiff "adequately plead a claim for battery"

when he alleged "that Rev. Ike placed Plaintiff's hand on Rev. Ike's penis." Order Granting in Part and Denying in Part Motion to Dismiss dated March 10, 2009 [D.E. 33].

*Legal Standard for Intentional Infliction of Emotional Distress*

Intentional infliction of emotional distress is established by showing "1) a deliberate or reckless infliction of emotional suffering by defendant; 2) by outrageous conduct; 3) with conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe." *Golden v. Complete Holdings, Inc.*, 818 F. Supp.l 1495, 1499 (M.D. Fla. 1993). The conduct must be outrageous in character. This Court already held that the "alleged acts of oral sodomy under duress [are] sufficiently severe and outrageous as to satisfy" the outrageous conduct element of the cause of action. Order Granting in Part and Denying in Part Motion to Dismiss dated March 10, 2009 [D.E. 33].

**Application of the Legal Standards to the Case at Hand**

Plaintiff seeks leave to amend within the deadline to amend the pleadings provided by the Court's scheduling order. As such, the Court should use the freely given standard and permit the amendment as requested by Plaintiff. *Francois v. Fried Green Tomatoes, Inc.*, 2006 U.S. Dist. LEXIS 97092 *1 (S.D. Fla. 2006).

Plaintiff ONLY seeks to add punitive damages to the Complaint for two counts – the count for battery and the count for intentional infliction of emotional distress. Within the elements of these intentional torts is the requirement that there be intent. In order to amend to add punitive damages, Plaintiff must provide reasonable verified evidence there is intentional conduct to support an award of punitive damages. Attached to this Motion is the deposition testimony where Plaintiff testifies about the first two incidents of battery, where Rev. Ike forces Medina to touch his penis and forces Medina's mouth open so he can ejaculate into his mouth.

5

Medina further testifies that he did not consent to touching Rev. Ike.  The court has already held that these allegations are sufficient to support the causes of action.  Plaintiff attaches his deposition testimony as the requisite evidence to permit the amendment and allow Plaintiff to seek punitive damages.

If there was ever a case for punitive damages, this would be it.  The Court should grant Plaintiff's Motion, allow Plaintiff to amend to add punitive damages, and deem the Sixth Amended Complaint filed.

**Conclusion**

Plaintiff requests the Court permit his amendment and allow him leave to plead punitive damages for the battery and intentional infliction of emotional distress counts.  Plaintiff further requests the Court deem the attached Sixth Amended Complaint filed on the date of the Order and grant any other relief as the Court finds just, fair and equitable.

> Respectfully submitted,
>
> HANKINS & ATOR, PL
> Attorneys for Plaintiff
> 371 North Royal Poinciana Boulevard
> Miami Springs, FL 33166
> Telephone: (305) 863-8525
> Telecopier: (305) 863-8535
>
> By: *Jennifer J. Ator* (signature)
>
> Jennifer J. Ator
> jja@hankinsator.com
> Florida Bar No. 0120911
> Robyn S. Hankins
> rsh@hankinsator.com
> Florida Bar No. 0008699

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 12, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Jennifer J. Ator*
Jennifer J. Ator

## SERVICE LIST

**Eugene Farber**
Farber, Pappalardo & Cardonari
200 East Post Road
White Plains, NY 10601
914-761-0747
Fax:
Email: efarber747@aol.com
Attorneys for Defendants

**Richards Huff Ford**
Wicker Smith O'Hara McCoy Graham & Ford
390 N Orange Avenue
Suite 1000
Orlando, FL 32802
407-843-3939
Fax: 649-8118
Email: rford@wickersmith.com
Attorneys for Defendants

**Jennifer Jean Ator**
Hankins & Ator, PL
371 North Royal Poinciana
Miami Springs, FL 33166
305-863-8525
Fax: 305-863-8535
Email: jja@hankinsator.com
Attorneys for Plaintiff