IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 08-22111-CIV-COOKE/BANDSTRA

AUGUSTO MEDINA,

        Plaintiff,

vs.

UNITED CHRISTIAN EVANGELISTIC
ASSOCIATION, a South Carolina entity, *et al.*,

        Defendants.
_____/

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S MARRIAGE AND MARITAL STATUS

      Plaintiff, AUGUSTO MEDINA, hereby respectfully requests this Court to enter an order excluding evidence of his marriage, and as grounds states:

    I.    **INTRODUCTION AND FACTUAL BASIS**

      This is a sexual harassment and retaliation case against United Christian Evangelistic Association, its related entities, and Reverend Eikerenkoetter ("Rev. Ike"), with additional pendent state law tort claims. Mr. Medina was employed by UCEA as a valet and personal assistant to Rev. Ike. He also had additional general household assistant job duties. While he was employed by UCEA, Rev. Ike, who was the superior officer and ultimate decision maker for UCEA, required Medina perform sexual favors for him by masturbating him and performing oral sex on him.

      After the demands for oral sex began, Medina looked for ways to avoid being alone with Rev. Ike. As a result, in retaliation for Medina's opposition to Rev. Ike's demands, Rev. Ike was increasingly difficult and abusive. Rev. Ike intentionally destroyed work done by Medina and forced Medina to redo the work again and again; forced Medina to work long hours in the heat



Case 1:08-cv-22111-MGC   Document 98   Entered on FLSD Docket 09/08/2009   Page 2 of 7

Medina v. UCEA et al.
Case No. 08-22111-CIV-COOKE
Plaintiff's Motion in Limine to Exclude Plaintiff's Marriage and Marital Status
Page 2 of 7

cleaning windows over and over again until Medina passed out and was taken to the hospital; threatened Medina with termination; told Medina he was stupid, lazy, and worthless; told Medina that he was a Cuban refugee and that he does not know how to do anything and that he was not paying him for "nothing"; and terminating Medina and then rehiring him on various occasions, presumably to demonstrate that he had the power to do so at whim.

Plaintiff is suing the Church for sexual harassment and retaliation under both State and Federal law. He is also suing both the Church and Rev. Ike for battery because Rev. Ike forced Mr. Medina to provide oral sex – even pushing his head down and his mouth open when he was not willing to provide the oral sex, and Rev. Ike ejaculated upon Mr. Medina. Plaintiff is also suing both the Church and Rev. Ike for intentional infliction of emotional distress because Rev. Ike's offensive conduct was intentional, extreme and outrageous and an objectively reasonable person would find the conduct "Outrageous!" Finally, Plaintiff sues the Church for negligent retention and negligent supervision of Rev. Ike because the Church had a duty to ensure Rev. Ike obeyed all laws with regard to the employees of the Church. The Church failed in its duty when it was put on notice of Rev. Ike's outrageous behavior after another gentleman with the same job description as Medina claimed sexual harassment in 1995. Even after the complaint of sexual harassment, the Church failed to implement a plan or policy sufficient to prohibit Rev. Ike from engaging in inappropriate conduct in the workplace.

During discovery in this matter, Defendants sought discovery about Plaintiff's marriage. Plaintiff was married to Silvina Veronica Varci on November 25, 2002. However, the relationship only lasted a few months and Medina's wife returned to Argentina because her

HANKINS & ATOR
ATTORNEYS AT LAW

Case 1:08-cv-22111-MGC   Document 98   Entered on FLSD Docket 09/08/2009   Page 3 of 7

Medina v. UCEA et al.
Case No. 08-22111-CIV-COOKE
Plaintiff's Motion in Limine to Exclude Plaintiff's Marriage and Marital Status
Page 3 of 7

mother passed away.  Since Silvina Varci left the United States, Medina has not had contact with her.  It is undisputed that Medina has never sought a divorce.

Defendants imply that Plaintiff's marriage was a sham and that he only married Silvina Varci to provide her with an immigration status.  Medina testified about his relationship with Silvina Varci during his deposition and denied marrying her so she could obtain citizenship.  He was also questioned as to whether they ever had sex and he testified that they did.

Plaintiff's marriage is not relevant to any fact at issue.  Defendants imply that the marriage to a woman who he discontinued having contact with after she left the United States was obviously a sham and is relevant to the issue of credibility.  Plaintiff seeks an order in limine because this information is irrelevant, unduly prejudicial and confusing.

## II. STANDARD FOR A MOTION IN LIMINE

Rule 104 of the Federal Rules of Evidence provides preliminary questions regarding admissible evidence are to be determined by the Court.  *Barclay v. Mercy Health Services-Iowa Corp.*, 2009 U.S. Dist. LEXIS 70549 (N.D. Iowa 2009).  Moreover, a preliminary determination of the admissibility of evidence serves to provide a fair and expeditious presentation of issues to the jury.  *Id.*

An order *in limine* is particularly appropriate when, as here, the introduction of evidence at trial would unfairly prejudice a party and that prejudice could not properly be cured through a cautionary jury instruction.  *See, e.g., United States v. 215.7 Acres of Land*, 719 F. Supp. 273, 275 (D. Del. 1989); *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987).   Because a limiting instruction could not possibly cure the

HANKINS & TOR
ATTORNEYS AT LAW

Case 1:08-cv-22111-MGC Document 98 Entered on FLSD Docket 09/08/2009 Page 4 of 7

Medina v. UCEA et al.
Case No. 08-22111-CIV-COOKE
Plaintiff's Motion in Limine to Exclude Plaintiff's Marriage and Marital Status
Page 4 of 7

inflammatory and prejudicial nature of the identified testimony, this evidence should be excluded.

### III. MEDINA'S MARITAL STATUS AND MARRIAGE HISTORY IS COMPLETELY IRRELEVANT

Rule 401 and 402 of the Federal Rules of Evidence provide that except as excluded by the Rules of Evidence, all relevant evidence is admissible and all evidence that is not relevant is not admissible. In order to be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401.

This is a sexual harassment, retaliation, and related tort action. Whether Medina was married is of no consequence to what happened in the workplace with Rev. Ike. The number of times a Plaintiff is married and involved in unsuccessful relationships is not relevant evidence in a sexual harassment case. *See Danes v. Senior Residential Care of America, Inc.*, 2007 U.S. Dist. LEXIS 636 (E.D. WI 2007); *see also Knepp v. United Stone Veneer, LLC*, 2008 U.S. Dist. LEXIS 98266 (M.D. Pa. 2008) (ordering exclusion of evidence of marriage and condition or health of marriage of a Plaintiff in a sexual harassment case after Defendant acknowledged it was irrelevant).

Plaintiff's marital status should be excluded because it does not make any fact that is of consequence as to whether Rev. Ike and UCEA sexually harassed Medina, retaliated against Medina, or committed intentional or negligent torts related to that harassment.

HANKINS & ATOR
ATTORNEYS AT LAW

Case 1:08-cv-22111-MGC   Document 98   Entered on FLSD Docket 09/08/2009   Page 5 of 7

Medina v. UCEA et al.
Case No. 08-22111-CIV-COOKE
Plaintiff's Motion in Limine to Exclude Plaintiff's Marriage and Marital Status
Page 5 of 7

### IV. MEDINA'S MARRIAGE AND MARTIAL STATUS SHOULD BE EXCLUDED AS UNDULY PREJUDICIAL

Rule 403 of the Federal Rules of Evidence further provides that even if the evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation." F.R.E. 403

Marital status is generally excluded under 403. *See Walker v. Crawford*, 1999 U.S. Dist. LEXIS 23394 (E.D. Ohio 1999); *see also Barclay v. Mercy Health Services-Iowa Corp.*, 2009 U.S. Dist. LEXIS 70549 (N.D. Iowa 2009) (excluding evidence of Plaintiff's failed marriage because it has significant potential to embarrass and harass Plaintiff and to denigrate Plaintiff in the eyes of the jury). Mr. Medina's marital status should not be admitted into evidence because any marginal relevance is outweighed by the danger of unfair prejudice. Therefore, as is the general practice, his marital status and marriage history should be excluded from evidence.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order in limine excluding evidence of his marriage or marital status.

HANKINS & ATOR
ATTORNEYS AT LAW

Medina v. UCEA et al.<br>
Case No. 08-22111-CIV-COOKE<br>
Plaintiff's Motion in Limine to Exclude Plaintiff's Marriage and Marital Status<br>
Page 6 of 7

Respectfully submitted,

HANKINS & ATOR, PL
Attorneys for Plaintiff
371 N. Royal Poinciana Blvd.
Miami Springs, Florida 33166
Telephone: (305) 863-8525
Telecopier: (305) 863-8535 (fax)

By: *Jennifer J. Ator*

    Jennifer J. Ator
    jja@hankinsator.com
    Florida Bar No. 0120911

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Jennifer J. Ator*

    Jennifer J. Ator



Medina v. UCEA et al.
Case No. 08-22111-CIV-COOKE
Plaintiff's Motion in Limine to Exclude Plaintiff's Marriage and Marital Status
Page 7 of 7

## SERVICE LIST

**Eugene Farber**
Farber, Pappalardo & Cardonari
200 East Post Road
White Plains, NY 10601
914-761-0747
Fax:
Email: efarber747@aol.com
Attorneys for Defendants

**Richards Huff Ford**
Wicker Smith O'Hara McCoy Graham & Ford
390 N Orange Avenue
Suite 1000
Orlando, FL 32802
407-843-3939
Fax: 649-8118
Email: rford@wickersmith.com
Attorneys for Defendants

**Jennifer Jean Ator**
Hankins & Ator, PL
371 North Royal Poinciana
Miami Springs, FL 33166
305-863-8525
Fax: 305-863-8535
Email: jja@hankinsator.com
Attorneys for Plaintiff

