UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-22111-CIV  COOKE/BANDSTRA

AUGUSTO MEDINA,

    *Plaintiff*,

v.

UNITED CHRISTIAN
EVANGELISTIC ASSOCIATION, *et al.*,

    *Defendants*.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before me on Defendants' Motion for Final Summary Judgment [D.E. 52]. The Parties have fully briefed this Motion, and I have reviewed the arguments, the record, and the relevant legal authority. For the reasons explained below, Defendants' Motion for Final Summary Judgment is denied.

### I. BACKGROUND

This is a sexual harassment case, brought by Augusto Medina against his former employer, United Christian Evangelistic Association ("UCEA"),[1] and Frederick Eikerenkoetter ("Rev. Ike"), individually. Rev. Ike is UCEA's founder and former president.[2] UCEA hired Plaintiff in September 2001 as a chauffeur, messenger, general assistant, valet, cleaner, and handyman. Plaintiff worked for UCEA until the fall of 2002. The reason or reasons for

---

[1] Plaintiff alleges that United Christian Evangelistic Association, United Christian Evangelistic Association of Florida, LLC, United Christian Evangelistic Association of Florida, Inc., and United Christian Evangelistic Association, Inc., were his joint employers. For ease and clarity, the acronym UCEA, as used in this order, shall refer to all named corporate or other business association Defendants in this case.

[2] Reverend Frederick "Ike" Eikerenkoetter died on July 28, 2009. (Defs.' Suggestion of Death [D.E. 91].)

Plaintiff's separation in 2002 are disputed.  Plaintiff returned to work for UCEA in July 2003 with the same job description.  Plaintiff stopped working for UCEA, for the second and final time, on April 22, 2004.  The reason or reasons for this second separation are also in dispute.

Plaintiff claims that, during the two different periods of employment with UCEA, he was forced to fellate and masturbate Rev. Ike, approximately seven or eight times.  Plaintiff also alleges that when he complained of this sexual contact Rev. Ike retaliated against him.  Plaintiff's complaint sets forth causes of action for (1) battery, (2) intentional infliction of emotional distress, (3) negligent retention/supervision, (4) sexual harassment under Title VII and the Florida Civil Rights Act ("FCRA"), and (5) retaliation under Title VII and the FCRA.

## II. LEGAL STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U .S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Rule 56(e) "requires the

nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (U.S. 2007).

### III. DISCUSSION

The overriding theme of UCEA's Motion for Summary Judgment is that Plaintiff's story is so implausible that no reasonable juror could believe his testimony. UCEA argues that I should not consider any of Plaintiff's testimony in evaluating whether a genuine issue exists in this matter.[3] Since Plaintiff's case is largely based on his own testimony, UCEA's contends that in the absence of this evidence, no genuine issue exists over any material fact. This argument is predicated on UCEA's interpretation of *Scott v. Harris*, where the Supreme Court stated that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

In *Scott* the plaintiff sued a sheriff's deputy for excessive force after his car was run off

---

[3] For example, despite Plaintiff's testimony to the contrary, UCEA asks me to conclude that no reasonable juror could ever find that an educated adult would subject himself to the abuse alleged here, and that no person would continue working for $10.00 per hour under these conditions. The case law, however, is full of examples that counter this contention. *See, e.g., Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 88-89 (2d Cir. 2002) (detailing a case where, for about a year, the plaintiff was forced to attend weekly "private meetings" in a locked office where her supervisor would "threaten her with a baseball bat, kiss, lick, bite and fondle her, attempt to undress her, physically force her to unzip his pants and fondle him, push against her with his penis exposed, and ejaculate on her").

the road during a police chase. The case was unique because all of the events giving rise to the claim were captured on video. The ultimate question before the Court was whether the plaintiff's actions "posed a substantial and immediate risk of serious physical injury to others." *Id.* at 386. The plaintiff asserted that his conduct was arguably reasonable and supported his position with citations to the record. The Court rejected his argument, and concluded that, based on the video, no reasonable juror could find that the plaintiff's actions did not pose a substantial and immediate risk of serious physical injury to others. *Id.*

In this case the alleged sexual harassment and retaliation took place over the course of several years. Plaintiff alleges that he was forced fellate and masturbate Rev. Ike approximately seven or eight times between 2001 and 2004. Plaintiff further claims that, in retaliation for voicing his opposition, or otherwise trying to avoid this sexual contact, Rev. Ike forced him to work in the heat without regard for his health, criticized and demoralized him, increased his workload, intentionally destroyed work that he had performed, forced him perform the same task over and over again, threatened to withhold his pay if he did not perform sexual acts, and ultimately fired him.

This is not the type of case where the record facts are so clear and undisputable so as to negate Plaintiff's testimony. In *Scott* the Court was literally able to see for themselves exactly what happened. UCEA is essentially arguing that *Scott* opens the door for a court to make credibility determinations of a plaintiff in ruling on a motion for summary judgment. This not the holding of Scott, and it is not the law. It is well settled that a court may not make credibility determinations on a motion for summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008). Accordingly, I will consider Plaintiff's testimony in evaluating this motion.

### A. BATTERY

"Battery consists of the infliction of a harmful or offensive contact upon another with the intent to cause such contact." *Quilling v. Price*, 894 So. 2d 1061, 1063 (Fla. Dist. Ct. App. 2005). In Florida, consent is an affirmative defense to a claim of battery. *Hernandez v. K-Mart Corp.*, 497 So. 2d 1259, 1260 (Fla. Dist. Ct. App. 1986).

UCEA argues that Plaintiff's testimony establishes that he consented to the sexual acts alleged in this case, either expressly or impliedly, and therefore, no battery occurred. Plaintiff counters that he did not consent to the sexual contact. He cites to numerous examples in the record where he has testified that unwanted touching occurred, to which he objected, and which could be reasonably perceived as harmful or offensive.

I find that genuine issues exist as to whether the sexual acts alleged by Plaintiff occurred, and if they did whether Plaintiff consented to them.[4] Accordingly, UCEA's Motion for Summary Judgment as to Plaintiff's claim for battery is denied.

### B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To state a claim for intentional infliction of emotional distress ("IIED"), under Florida law, a plaintiff must show: "1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe." *Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499 (M.D. Fla. 1993) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985)). To prevail on an IIED claim, the conduct must be "outrageous in character, . . . extreme in degree, . . . go beyond all possible bounds of decency, . . . and [ ] be regarded as atrocious,

---

[4] On a related note, I do not read *NN Investors Life Insurance Co. v. Professional Group, Inc.*, 468 So. 2d 532, 533 (Fla. Dist. Ct. App. 1985) to stand for the proposition that, under Florida law, "economic duress" is not sufficient to invalidate consent.

and utterly intolerable in a civilized community." *McCarson*, 467 So. 2d at 278-79 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). The test is whether upon "recitation of the facts to an average member of the community" the listener would be compelled to exclaim, "Outrageous!" *Id.*

UCEA attacks the fourth element of Plaintiff's IIED claim, arguing that Plaintiff's actions show that his suffering was not severe. UCEA asks me to infer that because Plaintiff continued working immediately following the alleged sexual incidents, did not immediately report the incidents, and did not seek treatment, that his suffering must not have been severe. Plaintiff responds, pointing out that to draw the inference that Plaintiff's suffering was not sever based on the actions cited, an inference clearly in favor of the moving party, is impermissible.

Since all reasonable inferences must be drawn in favor of the non-movant, it would be improper to conclude that Plaintiff's suffering must not be severe based on the conduct UCEA cites. There is enough record evidence to create a genuine issue of fact as to whether Plaintiff's suffering was severe. Accordingly, UCEA's Motion for Summary Judgment as to the IIED claim is denied.

### C. NEGLIGENT RETENTION/SUPERVISION

"Negligent retention and negligent supervision are cognizable under Florida law when, during the course of employment, the employer becomes aware, or should have become aware, of problems with an employee that indicates [sic] his unfitness, and the employer fails to take further action such as investigation, discharge, or reassignment." *Samedi v. Miami-Dade County,* 134 F. Supp. 2d 1320, 1352 (S.D. Fla. 2001) (citation and internal quotation marks omitted). "[T]he underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort which

is recognized under common law." *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1348 (M.D. Fla.1999).

UCEA argues that there is no evidence in the record to support Plaintiff's allegation that UCEA knew or should have know of any problems with Rev. Ike that would indicate his unfitness. Plaintiff counters, asserting that UCEA was on notice that Rev. Ike has been accused of similar misconduct, citing to a previous lawsuit brought against Rev. Ike which contained similar allegations. Based on this disputed evidence, I find that genuine issues exist as to whether UCEA knew or should have know of any problems with Rev. Ike's fitness and if so, whether UCEA failed to take adequate action. UCEA's Motion for Summary Judgment as to Plaintiff's negligent retention/supervision claim is denied.

### D. SEXUAL HARASSMENT UNDER TITLE VII AND THE FLORIDA CIVIL RIGHTS ACT

A sexual harassment claim brought under Title VII based on harassment by a supervisor involves the following elements: (1) the plaintiff belonged to a protected group; (2) the plaintiff was subject to "unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature;" (3) the harassment was because of the sex of the plaintiff; (4) the harassment was "sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (citation omitted). Decisions addressing sexual harassment under Title VII also apply to FCRA claims of sexual harassment. *Harper v. Blockbuster Entm't Corp.* 139 F.3d 1385, 1387 (11th Cir. 1998) ("The Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII.").

UCEA attacks the fourth element of Plaintiff's sexual harassment claim, arguing that there is no evidence that the alleged sexual acts occurred "other than [Plaintiff's] own false testimony." (Defs.' Mot. for Summ. J. at 18 [D.E. 52].)  Since it is improper for me to make credibility determinations in ruling on this summary judgment motion, this argument cannot stand.  UCEA next argues that even taking Plaintiff's testimony as true, "the only possible inference" is that the sexual acts were welcomed by Plaintiff as part of an elaborate extortion scheme.  *Id.*  That is not the only possible inference.  UCEA's argument fails.

UCEA concludes its argument against Plaintiff's sexual harassment claim, asserting that it has successfully raised the *Ellerth-Faragher* affirmative defense, as established in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).  The *Ellerth-Faragher* affirmative defense allows an employer to defeat a sexual harassment claim if it can show "that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and [ ] that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise."  *Howard v. City of Robertsdale*, 168 Fed. App'x. 883, 887 (11th Cir. 2006).  This affirmative defense is not available where a plaintiff has suffered a tangible employment action.[5]  *Howard*, 168 Fed. App'x. at 886.  Similarly, the *Ellerth-Faragher* affirmative defense is not available where the harassing employee is within the class of official that may be said to be a proxy or alter-ego of the employer.  *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 383 (5th Cir. 2003); *Johnson v. West*, 218 F.3d 725, 730 (7th Cir. 2000);  *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493 (9th Cir.

---

[5]  "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  *Ellerth*, 524 U.S. at 761.

2000); *see also Mallinson-Montague v. Pocrnick*, 224 F.3d 1224 (10th Cir. 2000).

In this case, there are numerous instances in the record where Plaintiff contends that he suffered tangible employment actions as a result of the alleged sexual harassment. For example, Plaintiff claims that when he resisted Rev. Ike's advances he was forced to work in the heat without regard for his health, his workload was increased, his work product was intentionally destroyed, and he was forced him perform the same task over and over again. Moreover, Plaintiff claims that Rev. Ike fired him when he resisted further sexual contact. These allegations, if believed by a jury, are sufficient to qualify as a tangible employment action and thus preclude UCEA's assertion of the *Ellerth-Faragher* affirmative defense.

Plaintiff also argues that because Rev. Ike, who is the alter-ego or organizational proxy of UCEA, perpetrated the alleged sexual harassment in this case, UCEA is not entitled to assert the *Ellerth-Faragher* affirmative defense. It is undisputed that Rev. Ike was the within that class of official who may be treated as a proxy for UCEA. Rev. Ike was the founding minister and President of UCEA; he was the ultimate decision maker for UCEA. Since Rev. Ike was a proxy for UCEA the *Ellerth-Faragher* affirmative defense is not available to UCEA as an affirmative defense to Plaintiff's claims of sexual harassment. UCEA's Motion for Summary Judgment as to Plaintiff's sexual harassment claim is denied.

### E. RETALIATION UNDER TITLE VII AND THE FLORIDA CIVIL RIGHTS ACT

A prima facie case of retaliation under Title VII must prove: "(1) that [the plaintiff] engaged in statutorily protected activity, (2) that an adverse employment action occurred, and (3) that the adverse action was causally related to the plaintiff's protected activities." *Coutu v. Martin County Bd. of County Com'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995). For the same reasons expressed above, the Title VII and FCRA retaliation claims are analyzed together.

Prior to filing a Title VII/FCRA action, a plaintiff first must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). An EEOC filing must be liberally construed to encompass any claims that are related to, or would reasonably grow out of, the allegations contained in the EEOC filing. *Id.* at 1280. An EEOC filing must be made "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. 2000e-5(e)(1).

UCEA attacks Plaintiff's retaliation claim, asserting that Plaintiff's EEOC filing was insufficient and untimely. UCEA argues that the only adverse employment action alleged in Plaintiff's EEOC filing was his termination in 2002. Plaintiff filed the EEOC claim in July 2004. UCEA therefore concludes that the claim for the 2002 termination is untimely, and that no other claims were contemplated in the EEOC filing.

As noted above, Plaintiff stopped working for UCEA, for the second and final time, on April 22, 2004. Accordingly, Plaintiff's EEOC filing in July 2004 would be timely for any alleged adverse employment actions which occurred in the previous six months, or dating back to January 2004, a time during which Plaintiff was working for UCEA. The critical question is whether Plaintiff's complaint contains claims that are related to, or would reasonably grow out of, the allegations contained in Plaintiff's EEOC filing.

Construing Plaintiff's EEOC filing liberally, as I must, I find that Plaintiff's filing does contain allegations that are related to, or could reasonably be expected to grow into, the claims in Plaintiff's complaint. Plaintiff's EEOC filing has both "Sex" and "Retaliation" indicated as the cause of discrimination. The EEOC filing makes repeated reference to being retaliated against, and spans the entire length of Plaintiff's employment with UCEA. I find that the claims

-10-

in Plaintiff's complaint are not allegations of new acts of discrimination, but instead merely amplify, clarify, and focus the allegations contained in his EEOC filing. Accordingly, Plaintiff's Summary Judgment Motion as to Plaintiff's retaliation claim is denied.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED and ADJUDGED** that:

1. UCEA's Motion for Summary Judgment [D.E. 52] is **DENIED**.

2. UCEA's Motion for a Hearing on the Summary Judgment Motion [D.E. 54] is **DENIED**.

3. Plaintiff's Motion for Extension of Time to File a Response to UCEA's Motion for Summary Judgment [D.E. 60] is **GRANTED** *nunc pro tunc*.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 28th day of September 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

-12-

*The Honorable Ted E. Bandstra*
*Counsel of Record*

Case 1:08-cv-22111-MGC   Document 113   Entered on FLSD Docket 09/28/2009   Page 12 of 12