UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-22111-CIV  COOKE/BANDSTRA

AUGUSTO MEDINA,

    *Plaintiff*,

v.

UNITED CHRISTIAN
EVANGELISTIC ASSOCIATION, *et al*.,

    *Defendants*.

                                     /

**ORDER GRANTING PLAINTIFF'S
MOTION TO DISMISS COUNTERCLAIM**

THIS MATTER is before me on Plaintiff's Motion to Dismiss Defendants' Counterclaim [D.E. 38]. The Parties have fully briefed this Motion, and I have reviewed the arguments, the record, and the relevant legal authority. For the reasons explained below, Plaintiff's Motion to Dismiss is granted.

**I. BACKGROUND**

This is a sexual harassment case, brought by Augusto Medina against his former employer, United Christian Evangelistic Association, United Christian Evangelistic Association of Florida, LLC, United Christian Evangelistic Association of Florida, Inc., and United Christian Evangelistic Association, Inc., and Frederick Eikerenkoetter ("Rev. Ike") (collectively referred to as "UCEA"). On May 31, 2005, Plaintiff filed a lawsuit against UCEA in the Eleventh Circuit Court in and for Miami-Dade County. (*See* Def.'s Answer, Affirmative Defenses, and Countercl. [D.E. 36].) Plaintiff's complaint asserted claims of assault, battery, intentional infliction of emotional distress, and negligent retention/supervision. Plaintiff amended his complaint, on August 31, 2007, to include a new cause of action, under the Florida

Civil Rights Act, for UCEA's failure to rehire him. The state court dismissed the failure-to-rehire claim. Plaintiff amended his complaint again, on December 17, 2007, realleging the claim for failure to rehire him in violation of the Florida Civil Rights Act. This state court also dismissed this claim.

On July 8, 2008, Plaintiff filed a complaint against UCEA, in federal court, alleging failure-to-rehire under Title VII (Case No. 08-CIV-21930 in the Southern District of Florida). On July 25, 2008, UCEA removed the state court action to federal court (Case No. 08-CIV-22111 in the Southern District of Florida). I subsequently ordered that the two cases be consolidated, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. (*See* Order Consolidating Cases [D.E. 13].) On February 27, 2009, I granted UCEA's Motion to Dismiss the failure-to-rehire claim because Plaintiff failed to allege that he re-applied for the position, and that the position remained open or was filled by a person outside the protected class, both of which are essential elements of a failure-to-rehire claim. UCEA filed its Answer and Counterclaim on March 23, 2009. The counterclaim is for malicious prosecution, and is predicated on Plaintiff's failure-to-rehire claim. Plaintiff has moved to dismiss the counterclaim. (Pl.'s Mot. to Dismiss Defs.' Countercl.[D.E. 38].)

## II. LEGAL STANDARD

When considering a motion to dismiss, under Rule 12(b)(6), a Court must accept all of the allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). This does not give a plaintiff *carte blanche* to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face.  *See Twombly*, 550 U.S. at 561-62, 570 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)).  "A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim."  *Marsh*, 268 F.3d at 1022.

### III. DISCUSSION

> To state a cause of action for malicious prosecution, a plaintiff must allege the following elements: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Cohen v. Corwin*, 980 So. 2d 1153, 1155 (Fla. Dist. Ct. App. 2008).  The third element – a bona fide termination of the prior proceeding – means that a malicious prosecution claim cannot be brought "as a counterclaim when directed against the filing of some or all of the counts in the pending main action."  *Blue v. Weinstein*, 381 So. 2d 308, 311 (Fla. Dist. Ct. App. 1980).  This is not a procedural rule, but merely the recognition that until the primary proceeding is fully terminated, a counter-claimant cannot make out a prima facie case since it is necessarily lacking an essential element.  This rationale appears consistent across jurisdictions which recognize the tort of malicious prosecution.  *See, e.g., Boyer v. Carondelet Sav. & Loan Ass'n*, 633 S.W.2d

98, 100 (Mo. Ct. App. 1982) (determining that the litigation had not terminated in the counter-claimants favor where the counterclaim was for the malicious prosecution of two dismissed counts brought in the same suit); *see also Kassel Poultry Co. v. Sheldon Produce Co.,* 129 A. 424, 425 (N.J. Cir. Ct. 1925) (reasoning that permitting a malicious prosecution counterclaim for an action which is integrally related to the pending suit would raise new issues, such as probable cause and malice, which would be irrelevant to the main suit and would be unfairly prejudicial to the plaintiff).

Plaintiff argues UCEA's counterclaim for malicious prosecution is premature and must be dismissed. UCEA counters, arguing that the malicious prosecution claim is predicated on the failure-to-rehire count, which was brought as a separate action. UCEA discounts the consolidation of the two matters and argues that the failure-to-rehire action is separate and independent. The question therefore comes down to the issue of how this Court views a consolidation of cases under Rule 42(a) of the Federal Rules of Civil Procedure, namely whether a consolidation has the effect of merging the separate actions into a single, unified case, or whether the actions retain their separate identity after consolidation.

Where two or more actions are consolidated "for all purposes" they are thereafter treated as a single, unified case. *Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1048-49 (11th Cir. 1989). On the other hand, where two or more actions are consolidated for "limited purposes only," such as for trial or joint hearings, then the cases each retain their separate identity after consolidation. *Id.*; *see also Bank S. Leasing, Inc. v. Williams*, 769 F.2d 1497, 1500 n.1 (11th Cir. 1985), *vacated on other grounds*, 778 F.2d 704 (11th Cir. 1985).

In this case, the actions were consolidated for all purposes. (*See* Order Consolidating Cases [D.E. 13].) My Order consolidated "all claims and causes of action," and required all

future pleadings to be filed under a *single* docket. (*Id.*) When I dismissed Plaintiff's failure-to-rehire count, it was the functional equivalent of dismissing a single count in a multi-count complaint. Accordingly, UCEA cannot make out a prima facie case for malicious prosecution until this action is terminated. Therefore, UCEA's counterclaim must be dismissed without prejudice, since it is premature at this time.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion to Dismiss Defendants' Counterclaim [D.E. 38] is **GRANTED**.

2. UCEA's Counterclaim is **DISMISSED** without prejudice.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 29th day of September 2009.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*