UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-22111-CIV   COOKE/BANDSTRA

AUGUSTO MEDINA,

    *Plaintiff*,

vs.

UNITED CHRISTIAN EVANGELISTIC
ASSOCIATION, *et al.*,

    *Defendants*.

_____/

## ORDER GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE COMMENTS REGARDING DNA TESTING CONDUCTED BY DEFENDANTS

THIS CAUSE comes before me on Defendants' Motion in Limine to exclude comments regarding DNA testing by Defendants [D.E. 105].  For the reasons explained below, Defendants' Motion in Limine is granted.

"Ordinarily, a party may not . . . discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."  Fed. R. Evid. 26(b)(4)(B).  Facts known or opinions held by "trial preparation" or undisclosed experts may only be compelled upon a showing of "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."  Fed. R. Evid. 26(b)(4)(B)(ii).

Plaintiff seeks to introduce evidence of the fact that Defendants retained an expert who conducted DNA testing in this matter, but whom Defendants' opted not to have testify or

disclose. Defendants contend that Plaintiff would then argue to the jury that Defendants' had the DNA tested by an expert, and failed to present that expert as a witness. The logical inference is that the undisclosed expert's opinions were detrimental to Defendants' case. Plaintiff argues that it is not seeking to introduce "facts known or opinions held" by Defendants' undisclosed expert, but merely the existence of the expert and the fact that the expert tested for DNA.[1]

Defendants respond, arguing there is no evidence to suggest that Defendants' undisclosed expert actually performed any tests, and that any mention of such a test would be an improper reference to evidence not in the record. Alternatively, Defendants' argue that Plaintiff's argument to the jury regarding the existence of Defendants' undisclosed expert violates Rule 26(b)(4)(B).

Even assuming that Plaintiff could establish that Defendants' undisclosed expert conducted a DNA test, Plaintiff is still attempting to do indirectly what Rule 26(b)(4)(B) prevents him from doing directly. To permit Plaintiff to draw the negative inference from the existence of Defendants' undisclosed expert would violate the policy and rationale of the Rule. *See Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980) (reasoning that the protections afforded by Rule 26 would be subverted if a party were permitted to draw a negative inference from the fact that the opposing party had retained an expert but failed to call the expert as a witness). Plaintiff has argued that he should be permitted to raise the issue that Defendants failed to present expert testimony regarding the DNA in response to Plaintiff's DNA expert. That argument can be framed without reference to the existence of

---

[1] Plaintiff has not made, nor attempted to make, the requisite showing of exceptional circumstances, as is required under Rule 26(b)(4)(B)(ii).

Defendants' undisclosed expert.

Accordingly, it is **ORDERED and ADJUDGED** that Defendants' Motion in Limine to exclude comments regarding DNA testing by Defendants [D.E. 105] is **GRANTED**. Plaintiff may not make reference to the fact that Defendants' retained an expert to conduct DNA testing but failed to call that expert to the stand.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 22nd day of October 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*