UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-22111-CIV   COOKE/BANDSTRA

AUGUSTO MEDINA,

    *Plaintiff*,

vs.

UNITED CHRISTIAN EVANGELISTIC
ASSOCIATION, *et al.*,

    *Defendants*.

_____/

**ORDER DENYING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING CHURCH CREDENTIALS, BELIEFS, TEACHINGS AND PRACTICES**

    THIS CAUSE comes before me on Defendants' Motion in Limine to exclude evidence regarding Church credentials, beliefs, teachings, and practices [D.E. 104] .  For the reasons explained below, Defendants' Motion in Limine is denied.

    Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence.  Fed. R. Evid. 401 & 402.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.

    Defendants' assert that Plaintiff is attempting to put the Church's religious credentials, beliefs, teachings, and practices on trial.  Defendants' argue, this is a straight forward sexual harassment-type case, and the religious tenets of the Church are simply not at issue.  Alternatively, Defendants' contend, to the extent the Church's credentials, beliefs, teachings, and

practices are relevant, the introduction of such evidence would be more unfairly prejudicial than probative, and would also confuse the jury as to the true issues in this case.

Plaintiff responds that the internal workings of the Church are relevant to, and highly probative of, several issues in this case. Plaintiff contends this evidence will show the nature of Reverend Frederick Eikerenkoetter's relationship with the Church, which is necessary for Plaintiff to hold the Church liable for the Reverend's acts. Further, Plaintiff argues, this evidence will show the authority and command presence that the Revered had, by way of his position in the Church and the beliefs of the Church, which goes to dispute Defendants' argument that Plaintiff consented to the alleged sexual contact between the two.

Evidence of the Church's teachings, practices, credentials, and beliefs are not irrelevant, nor obviously unfairly prejudicial. While it is possible that Plaintiff could attempt to admit this evidence in an improper manner, that can be addressed at trial. It is improper to exclude evidence in a pre-trial motion in limine based on the possibility of abuse when the evidence is potentially relevant and otherwise admissible. *Cf.*

Accordingly, it is **ORDERED and ADJUDGED** that Defendants' Motion in Limine to exclude evidence regarding Church credentials, beliefs, teachings, and practices [D.E. 104] is **DENIED**. Specific objections to this evidence will be considered at trial.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 22nd day of October 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*