UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-22111-CIV   COOKE/BANDSTRA

AUGUSTO MEDINA,

    *Plaintiff*,

vs.

UNITED CHRISTIAN EVANGELISTIC
ASSOCIATION, *et al.*,

    *Defendants*.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MEDINA'S SEXUAL CONDUCT OUTSIDE THE WORKPLACE

THIS CAUSE comes before me on Plaintiff's Motion in Limine to Exclude Evidence of Medina's Sexual Conduct Outside the Workplace [D.E. 95], and Defendants' Motion to Admit Information About Plaintiff's Sexual Orientation and Sexual History [D.E. 118]. For the reasons explained below, Plaintiff's Motion in Limine is granted, and Defendants' Motion to Admit is denied.

In this sexual harassment case, Defendants seek to introduce evidence of Plaintiff's sexual conduct outside of the workplace. This type of evidence is specifically precluded by Federal Rule of Evidence 412, which renders evidence that an alleged victim "engaged in other sexual behavior," or evidence of a victim's "sexual predisposition," inadmissible. Fed. R. Evid. 412; *see also United States v. Duncan*, 855 F.2d 1528, 1533 (11th Cir. 1988) ("Rule 412 has been used to exclude evidence which pertained to the unchastity of the victim.") (emphasis omitted); *Wolak v. Spucci*, 217 F.3d 157, 159-61 (2d Cir. 2000) (holding that evidence of private

sexual behavior of an alleged sexual harassment victim was inadmissible under Rule 412); *Winsor v. Hinckley Dodge, Inc.*, 79 F.3d 996, 1001 (10th Cir. 1996) (explaining that "[a] person's private and consensual sexual activities do not constitute a waiver of his or her legal protections against unwelcome and unsolicited sexual harassment" at work) (citation omitted).

Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with [the] public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412, advisory committee's note (1994 Amendments). A party seeking to admit evidence of past sexual behavior or alleged sexual predisposition bears the burden of demonstrating that the probative value of this evidence substantially outweighs the danger of harm and unfair prejudice. Fed. R. Evid. 412(b)(2).

Defendants have failed to meet their burden. First, Defendants argue that evidence of Plaintiff's supposed sexual promiscuity, throughout his employment, is probative of whether he in fact suffered the severe emotional harm necessary to make out his claim of intentional infliction of emotional distress and to establish his claim for damages. (Defs.' Resp. 6-9 [D.E. 101] (citing to *Judd v. Rodman*, 105 F.3d 1339, 1343 (11th Cir. 1997).) The plaintiff in *Judd* testified that she felt "dirty" after she allegedly contracted herpes from the defendant. *Judd*, 105 F.3d at 1343. The *Judd* Court upheld the district court's decision to admit evidence of the plaintiff's employment as a nude dancer as probative of her damages because "it suggested an absence of change in her body image following the herpes infection." *Id.* The court was careful, however, to note that "[t]he determination under [Rule 412(b)'s] balancing test is necessarily highly fact specific."

While a person's employment as a nude dancer might be sufficiently probative of her body image, I do not agree that under the facts of this case Plaintiff's private, consensual sexual acts are sufficiently probative of his psychological or emotional damage to substantially overcome the risk of harm of introducing such evidence. *See United States v. Sarras*, 575 F.3d 1191, 1213 (11th Cir. 2009) ("[V]ictims of sexual abuse can be traumatized whether or not they have had other sexual relations.").

Next, Defendants argue that the alleged sexual relationship between Plaintiff and Felix Spengler, a key witness for Plaintiff, bolsters the defense's theory that there was a conspiracy to extort money from Defendants, and demonstrates that the witness is biased. (Defs.' Resp. 9 [D.E. 101].) Defendants may not attempt to prove Plaintiff's sexual preferences or introduce Plaintiff's sexual relationship with Spengler. Defendants may, however, introduce evidence of the Spengler's relationship in a manner that does not run afoul of the important objective of Rule 412 to safeguard the privacy of victims of sexual misconduct and shield them from sexual stereotyping.

Finally, Defendants argue that evidence of Plaintiff's evasiveness during deposition, specifically his inability to recall the names of sexual partners, is probative of Plaintiff's credibility. (Defs.' Resp. 12-13 [D.E. 101].) Introducing this evidence, however, would unnecessarily risk "the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412, advisory committee's note (1994 Amendments). Additionally, Defendants' assertion that Plaintiff answered, "I don't remember," approximately 150 times during deposition belies the need to rely on the potentially unfairly prejudicial testimony relating to Plaintiff's other sexual acts. I find that the value of introducing this evidence is not substantially outweighed by the risk

of harm.

Accordingly, it is **ORDERED and ADJUDGED** that

1.  Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Sexual Conduct Outside the Workplace [D.E. 95] is **GRANTED**.

2.  Defendants' Motion to Admit Information About Plaintiff's Sexual Orientation and Sexual History [D.E. 118] is **DENIED**.

**DONE** and **ORDERED** in Miami, Florida, this 29th day of October 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*