UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-22111-CIV COOKE/BANDSTRA

AUGUSTO MEDINA,

    *Plaintiff*,

v.

UNITED CHRISTIAN
EVANGELISTIC ASSOCIATION, *et al.*,

    *Defendants*.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE EXPERT WITNESS
AND DENYING PLAINTIFF'S MOTIONS IN LIMINE**

THIS MATTER is before me on the following motions: (1) Plaintiff's Motion to Strike Defendants' expert [D.E. 89], (2) Plaintiff's Motion in Limine to exclude Plaintiff's tax returns [D.E. 97], and (3) Plaintiff's Motion in Limine to exclude evidence of mortgages and real estate transactions of Plaintiff [D.E. 109]. I am addressing these motions together since they are logically intertwined and involve common factual and legal issues. I have reviewed the Parties' arguments, the record, and the relevant legal authority. For the reasons explained below, Plaintiff's Motion to Strike Defendants' expert and Plaintiff's Motions in Limine are denied.

**I. BACKGROUND**

This is a sexual harassment case, brought by Augusto Medina against his former employer, United Christian Evangelistic Association, United Christian Evangelistic Association of Florida, LLC, United Christian Evangelistic Association of Florida, Inc., and United Christian Evangelistic Association, Inc., and Frederick Eikerenkoetter ("Rev. Ike") (collectively referred to as "UCEA"). Plaintiff's complaint sets forth causes of action for (1) battery, (2) intentional infliction of emotional distress, (3) negligent retention/supervision, (4) sexual

harassment under Title VII and the Florida Civil Rights Act ("FCRA"), and (5) retaliation under Title VII and the FCRA. Plaintiff is seeking a variety of damages through this lawsuit, including "back pay, front pay, benefits, other lost compensation." (Sixth Am. Compl. at 11, 13, 15, 17 [D.E. 34-2].)

Plaintiff worked for UCEA as a chauffeur, messenger, general assistant, valet, cleaner, and handyman. Plaintiff claims that, during his employment with UCEA, he was forced to fellate and masturbate Rev. Ike, approximately seven or eight times. UCEA contends there was no sexual contact between Plaintiff and Rev. Ike, or in the alternative, if any sexual contact occurred it was welcomed by Plaintiff and completely consensual. Responding to UCEA's consent argument, Plaintiff's has taken the position that any consent was negated because of the economic duress that he was under. Plaintiff testified in deposition that he subjected himself to the abuse at the hands of Rev. Ike because he had to pay his bills, had to support his family back in Cuba, and that without the income from his job with UCEA he would be "out on the street." (Medina Dep. 77:2-13, 130:2-21, Feb. 20, 2007 [D.E. 180-2].)

## II.  DISCUSSION

**A.     Plaintiff's Motion To Strike Defendants' Expert**

If technical knowledge "will assist the trier of fact to understand the evidence or to determine a fact in issue," then a qualified expert may testify, subject to certain conditions. Fed. R. Evid. 702. The expert's testimony must be "based upon sufficient facts or data," must be "the product of reliable principles and methods," and "the witness [must have] applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

UCEA intends to call StevenYoakum, a forensic accountant, as an expert witness in this case. UCEA seeks to disprove Plaintiff's claims of economic duress, through Mr. Yokum's

testimony, by showing that Plaintiff had an alternate stream of income during the time that he worked for UCEA, and that he actually sent very little money to family in Cuba. UCEA offers Mr. Yoakum's testimony to demonstrate that, based on Plaintiff's financial records, it is unlikely that Plaintiff would in fact be "out on the street" had he left the job with Rev. Ike. UCEA would then ask the jury to draw the inference that there was no economic duress and that any sexual activity between he and Rev. Ike was therefore consensual.

Plaintiff challenges this expert, arguing that Mr. Yoakum is telling the jury what they can plainly see, and clearly understand, based on the financial records. In other words, Plaintiff argues that this expert would not assist the trier of fact to understand the evidence or to determine a fact in issue. UCEA notes that Plaintiff's income tax records, banking records, mortgage records, financial records, and property records combined are in excess of one-thousand pages. Further, UCEA contends that there are a variety of multi-party real estate conveyances, multiple home mortgages, gifts of equity, and other complicated financial transactions, and that a forensic accountant would assist the trier of fact to understand this evidence and to determine facts in issue. I agree. Accordingly, Plaintiff's Motion to Strike this expert is denied.

Plaintiff also objects to this witness on the basis that UCEA is using Mr. Yoakum to comment on Plaintiff's veracity and credibility. For example, Mr. Yoakum's report indicates his opinion, based on a review of the records, is that Plaintiff made false and misleading statements under oath. It is improper for an expert to comment on a plaintiff's credibility or veracity. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1302 (11th Cir. 2001). There is a difference between Mr. Yoakum testifying that a particular statement made by the Plaintiff is not supported by the financial data, and having Mr. Yoakum testify that the Plaintiff is a liar.

The former is within the province of an expert witness; the latter is for the jury. *See id.* UCEA treads a thin line. Since Mr. Yoakum's testimony would assist the jury in sorting through the voluminous financial records in this matter, he will be permitted to testify. Any issues regarding the scope of Mr. Yoakum's testimony can be addressed at the time of trial, if they arise. He will not, however, be able to testify that based upon his review of the transactions that Plaintiff is a liar.

**B.     Plaintiff's Motion In Limine To Exclude Plaintiff's Tax Returns and Plaintiff's Motion In Limine To Exclude Evidence of Mortgages and Real Estate Transactions of Plaintiff**

Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence. Fed. R. Evid. 401 & 402. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. Evidence of a person's character is generally not admissible to prove that the person acted in conformity with that trait of character on a particular occasion. Fed. R. Evid. 404(a).

UCEA seeks to admit evidence of Plaintiff's tax returns, mortgages, and real estate transactions in order to refute Plaintiff's claims of lost wages, and to disprove Plaintiff's claims of economic duress. Moreover, UCEA intends to use these materials to impeach Plaintiff. These documents are certainly relevant to several key issues in this case, as argued by UCEA. Additionally, Plaintiff's argument that UCEA plans to use these materials as character evidence is misplaced. The materials are admissible as impeachment evidence, not to prove character, and, based on the briefs, that is how UCEA intends to utilize them. Plaintiff's Motions in Limine are denied.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion to Strike Defendants' expert [D.E. 89] is **DENIED**.

2. Plaintiff's Motion in Limine to exclude Plaintiff's tax returns [D.E. 97] is **DENIED**.

3. Plaintiff's Motion in Limine to exclude evidence of mortgages and real estate transactions of Plaintiff [D.E. 109] is **DENIED**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 29th day of October 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

-6-

*The Honorable Ted E. Bandstra*
*Counsel of Record*