UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22111-CIV COOKE/BANDSTRA

AUGUSTO MEDINA,

    *Plaintiff*,

vs.

UNITED CHRISTIAN EVANGELISTIC
ASSOCIATION, *et al.*,

    *Defendants*.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL WITNESS LIST

THIS MATTER is before me on Defendants' Motion to Strike Plaintiff's Supplemental Witness List [D.E. 166]. The Parties have fully briefed this issue, and I have reviewed the arguments, the record, and the relevant legal authority. For the reasons that follow, Defendants' Motion to Strike Plaintiff's Supplemental Witness List is denied.

### I. BACKGROUND

This is a sexual harassment case, brought by Augusto Medina against his former employer, United Christian Evangelistic Association, United Christian Evangelistic Association of Florida, LLC, United Christian Evangelistic Association of Florida, Inc., and United Christian Evangelistic Association, Inc., and Frederick Eikerenkoetter ("Rev. Ike") (collectively referred to as "UCEA").

On October 2, 2009 Plaintiff filed a Joint Trial Witness List [D.E. 128]. On October 7, 2009 Plaintiff received a call from Thomas Magee, who identified himself as a former security guard for UCEA and a current employee of the Equal Employment Opportunity Commission.

(Pl.'s Resp. 1 [D.E. 168]; Pl.'s Notice of Filing Supp. to Witness List 1 [D.E. 157]). Mr. Magee indicated to Plaintiff that he believed he could be a relevant witness in this matter. On October 21, 2009, Plaintiff notified UCEA of his intent to add Mr. Magee to the witness list. On October 26, 2009 Plaintiff filed a Notice of Filing Supplement to Joint Trial List [D.E. 157], and included Mr. Magee's name, address, telephone number, and a synopsis of his testimony. Plaintiff's synopsis reads as follows:

> Mr. Magee . . . will testify that Katy Posey, an officer of UCEA, told him that 1) it was common knowledge that Rev. Ike had sex with his personal assistants, 2) [sic] the net worth of the Church, 3) Rev. Ike distributed his wealth on paper to other officers of the Church because of concern over the lawsuit filed by Andrew Brown. Mr. Magee will also testify that Rev. Ike and the Church targets weak, elderly, and culturally predisposed individuals and threatens them with a "curse" if they do not send a donation. He will testify that Rev. Ike uses threats and intimidation to get what he wants, manipulate, and intimate those around him.

(Plaintiff's Supplement to Joint Trial List [D.E. 157-1]). On November 12, 2009, UCEA filed a motion to strike Thomas Magee as a witness, arguing untimely disclosure and prejudice.

## II. LEGAL STANDARDS

The Parties were required to exchange written lists of witnesses by April 16, 2009. (Order Setting Civil Jury Trial Date and Pretrial Deadlines ("Trial Order") [D.E. 26]). Except upon a showing of good cause, and no prejudice to the opposing party, only those witnesses listed are permitted to testify. (*Id.*). The Parties are under a continuing obligation to supplement responses within ten days of receiving new information. (*Id.*).

If a new witness is discovered after the time to disclose witnesses has passed, the party intending to rely on the witness must immediately provide the full details of the witness and the reason for the late disclosure to the Court and to opposing counsel. *See* S.D. Fla. L.R. 16.1(I). If

notice and justification is provided, then a court may permit the use of the witness "in furtherance of the ends of justice." *Id.*

When considering whether to allow or exclude a late-listed witness, a court should consider "(1) the importance of the testimony; (2) the reason for the [party]'s failure to disclose the witness earlier; and (3) the prejudice to the opposing party." *See Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004).

### III. ANALYSIS

**A. The Importance of the Testimony.**

I find, based on the synopsis of Mr. Magee's testimony in Plaintiff's Supplement to Joint Trial List [D.E. 157-1], and the Parties' briefs, that this witness' testimony is important. The testimony is relevant to several key matters that are at issue in this case and which are directly related to the elements of some of Plaintiff's claims.

**B. The Reason for the Party's Failure To Disclose the Witness Earlier.**

Plaintiff explains, the reason for the late disclosure is because the existence of this witness was previously unknown, and he only came forward after receiving notice of the Court's order denying Defendants' summary judgment motion, which was issued on September 28, 2009. UCEA argues, Plaintiff could have discovered a witness to testify as to these matters while discovery was still open, since the witness is only testifying as to what is "common knowledge." (Def.'s Reply 2 [D.E. 181]). It does not appear that Mr. Magee is being called to testify as to what was general common knowledge in the community; rather his testimony seems to be that a UCEA corporate officer told him what was known by the corporate officers and insiders of the Church. Plaintiff learned of the identify of this witness only after the witness contacted Plaintiff,

and that contact was predicated by a seemingly random chain of events. I find that Plaintiff has demonstrated good cause for the late disclosure of the witness.

**C. The Prejudice To the Opposing Party.**

Since Mr. Magee is a newly discovered witness, it was Plaintiff's obligation to notify opposing counsel within "ten days." (Trial Order 2 [D.E. 26]). Ten days commencing October 7, 2009 (the date Plaintiff was first contacted by Mr. Magee), as calculated by the Federal Rules of Civil Procedure in effect at the time, concluded on October 22, 2009. Plaintiff notified UCEA about Mr. Magee, and provided UCEA with Mr. Magee's name, address, telephone number, and a synopsis of his testimony on October 21, 2009. Plaintiff timely informed UCEA of Mr. Magee.

Further, Plaintiff agreed to allow UCEA to depose the witness. UCEA had forty-seven days to take Mr. Magee's deposition before the anticipated date of the trial in this matter, and additional time now, since the case has been continued. Additionally, the nature of Mr. Magee's testimony - recounting what he was told by a UCEA corporate officer - puts UCEA in a particularly good position to refute Mr. Magee's testimony since they have presumably unlimited access to UCEA corporate officers. While UCEA may be inconvenienced by having to depose this witness so close to trial, this inconvenience does not rise to the level of prejudice.[1] I find that in furtherance of the ends of justice, Mr. Magee should be allowed to testify.

---

[1] UCEA's argument that Mr. Magee could refuse to testify under an EEOC administrative rule seems misplaced. As I understand it, Mr. Magee is not testifying in his role as an EEOC employee, but rather in his role as a former employee or associate of UCEA. If this is not the case *and* if Plaintiff fails to produce this witness or the witness refuses to comply with a subpoena, then the analysis may be different. UCEA is free to raise this argument, if this turns out to be the case.

## IV.  CONCLUSION

Having found that Mr. Magee's testimony is important, that this newly discovered witness was timely disclosed, and that allowing his testimony would not prejudice Defendants, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion to Strike Plaintiff's Supplemental Witness List [D.E. 166] is **DENIED**.

2. Defendants' are granted leave to take the deposition of Thomas Magee at anytime up to and including the Friday before trial begins in this matter.

3. Plaintiff shall take all reasonable measures to ensure that Defendants' are able to take the deposition of Mr. Magee as soon as possible.  If Defendants' are unable to take Mr. Magee's deposition due to Plaintiff's action or inaction, or due to the witness' failure to cooperate, I may reconsider my decision to allow this witness to testify at trial.

**DONE and ORDERED** at Miami, Florida, this 9th day of December 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*