UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22111-CIV COOKE/BANDSTRA

AUGUSTO MEDINA,

    *Plaintiff*,

vs.

UNITED CHRISTIAN EVANGELISTIC
ASSOCIATION, *et al.*,

    *Defendants*.
_____/

### ORDER DENYING DEFENDANTS' MOTION TO IN LIMINE TO EXCLUDE EVIDENCE OF ANDREW BROWN'S CLAIMS

THIS MATTER is before me on Defendants' Motion In Limine To Exclude Evidence of Andrew Brown's Claims [D.E. 171]. I have reviewed the motion, the response, and the relevant legal authority. For the reasons that follow, Defendants' motion in limine is denied.

### I. BACKGROUND

Plaintiff, Augusto Medina, brought this suit alleging sexual harassment and negligent retention, against his former employer, United Christian Evangelistic Association, United Christian Evangelistic Association of Florida, LLC, United Christian Evangelistic Association of Florida, Inc., and United Christian Evangelistic Association, Inc., and Frederick Eikerenkoetter ("Rev. Ike") (collectively referred to as "UCEA"). Plaintiff claims that, during his employment with UCEA, he was forced to fellate and masturbate Rev. Ike, approximately seven or eight times. UCEA vehemently denies that any sexual acts transpired between Rev. Ike and Plaintiff.

In 1996, Andrew Brown filed a verified complaint in New York State Court. In this lawsuit, Mr. Brown alleged that, during his employment with UCEA, Rev. Ike engaged in a

variety of offensive, sexual contact, namely that Rev. Ike caressed his neck and shoulders, that Rev. Ike slapped his buttocks, and grabbed and attempted to tickle him below the waist, and that he was forced him to disrobe while Rev. Ike watched.  (Am. Verified Compl. in *Brown v. UCEA, et al.* 21-22 [D.E. 75-3]).

## II.  LEGAL STANDARDS

Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence.  Fed. R. Evid. 401 & 402.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.  "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," subject to some exceptions.  Fed. R. Evid. 404(a).  "Evidence of other . . . acts . . . may, however, be admissible for other purposes, such as proof of . . . knowledge."  Fed. R. Evid. 404(b).

"In a civil case in which a claim for damages . . . is predicated on a party's alleged commission of conduct constituting an offense of sexual assault . . . , evidence of that party's commission of another offense . . . of sexual assault . . . is admissible."  Fed. R. Evid. 415(a). Rule 415 supercedes the general rule of evidence which excludes evidence of prior bad acts when admitted to prove that a party acted in conformity on a particular occasion - commonly referred to as  "propensity" or "character" evidence.  *See Doe v. Smith*, 470 F.3d 331, 342 (7th Cir. 2006). The term "offense of sexual assault," as used in Rule 415, means "the intentional touching, either directly or through the clothing, of the . . . groin, . . . , inner thigh, or buttocks of any person with

an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *See* Fed. R. Civ. P. 413(d); 18 U.S.C. § 2246(3).

### III. DISCUSSION

Plaintiff offers Andrew Brown's testimony under two separate theories, and for two different purposes. First, Mr. Brown's testimony is offered to show knowledge on the part of UCEA that Rev. Ike engaged in inappropriate sexual activity with subordinates working for him. In this context, Mr. Brown's testimony does not constitute "character" or "propensity" evidence. Fed. R. Evid. 404(b). Second, Mr. Brown's testimony is offered to show that Rev. Ike engaged in inappropriate sexual activity with subordinates working for him, and that since he has done this in the past, it is more likely that Plaintiff's allegations of similar behavior are true. In this context, Mr. Brown's testimony is subject to exclusion under Rule 404, unless it is exempted under Rule 415.[1]

UCEA argues, Mr. Brown's claims are so untrustworthy, that they cannot possibly support a finding that Rev. Ike committed an offense of sexual assault, which is a prerequisite to the admission of such evidence under Rule 415. Andrew Brown filed a verified complaint claiming that Rev. Ike slapped his buttocks, and grabbed and attempted to tickle him below the waist. The fact that Mr. Brown settled his lawsuit against UCEA for a relatively small amount of money goes toward the weight of his testimony, but not its sufficiency. Plaintiff can adequately establish that Rev. Ike engaged in a past act of sexual assault, so as to render Mr. Brown's testimony admissible through Rule 415.

---

[1] Since Mr. Brown's testimony is admissible as an exception to Rule 404 to show knowledge, UCEA's motion *in limine* and my analysis in this order focus on the "character" or "propensity" use of the testimony.

UCEA next argues, the probative value of Andrew Brown's testimony is substantially outweighed by the danger of unfair prejudice, *i.e.*, that the testimony should be excluded under Rule 403 of the Federal Rules of Evidence. First, the probative value of this testimony is extremely high because of its similarity with the allegations in this case. The earlier incident allegedly involved inappropriate, sexual contact in the workplace between Rev. Ike and a male subordinate. The probative value of this testimony is heightened further by the fact that Rev. Ike has denied Plaintiff's allegations of sexual contact. *See United States v. Enjady*, 134 F.3d 1427, 1434 (10th Cir. 1998). The admission of this evidence would not be unfairly prejudicial. UCEA has had ample notice and opportunity to investigate and prepare to address this evidence.[2]

## IV.  **CONCLUSION**

For the reasons discussed above, it is **ORDERED and ADJUDGED** that Defendants' Motion In Limine To Exclude Evidence of Andrew Brown's Claims [D.E. 171] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida on this 15th day of December 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*

---

[2] Relatedly, I find that Plaintiff has satisfied the notice requirement of Rule 415(b) through its discovery disclosures, and the witness list [D.E. 128].