UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-22111-CIV-COOKE/BANDSTRA

AUGUSTO MEDINA,

    Plaintiff
vs.

UNITED CHRISTIAN EVANGELISTIC
ASSOCIATION OF FLORIDA, LLC, *et al*.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SEAL

THIS MATTER is before me on the Defendant's Amended Motion to Seal Certain Portions of The Record. I have reviewed the motion, the record, and the relevant legal authorities. For the reasons explained in this order, the Defendant's Motion to Seal is denied.

### I. BACKGROUND

This was a sexual harassment case, brought by Augusto Medina against his former employer, United Christian Evangelistic Association ("UCEA"), and Frederick Eikerenkoetter ("Rev. Ike"), individually. Rev. Ike was UCEA's founder and former president. UCEA hired Mr. Medina in September 2001 as a chauffeur, messenger, general assistant, valet, cleaner, and handyman. Mr. Medina claimed that, during the two different periods of employment with UCEA, he was forced to fellate and masturbate Rev. Ike, approximately seven or eight times. Mr. Medina also alleged that when he complained of this sexual contact, Rev. Ike retaliated against him.

Mr. Medina alleged causes of action for (1) battery, (2) intentional infliction of emotional distress, (3) negligent retention/supervision, (4) sexual harassment under Title VII and the Florida Civil Rights Act ("FCRA"), and (5) retaliation under Title VII and the FCRA. Following a trial, the jury found in favor of the Plaintiff on all counts. Before a final judgment was entered the

Parties reached a settlement agreement, and the case was dismissed.  UCEA now seeks to have portions of the record, which relate to the Defendants' finances, sealed because the information could fall into the "wrong hands" and might promote "negative public sentiment" about the Defendants.  (Defs.' Am. Mot. to Seal 12, ECF No. 250).

## II. LEGAL STANDARDS

"[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-74 (1980)).  "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).  Where a court "attempts to deny access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." *Newman v. Graddick*, 696 F.2d 796, 802-03 (11th Cir. 1983); *see also Brown*, 960 F.2d at 1015-16 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1992).

Alternatively, records may be concealed from the public when disclosure would interfere with the administration of justice.  *Newman*, 696 F.2d at 803.  In making this determination, a court should consider whether "the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-603 (1978)).  However, "simply showing that the information would harm a company's reputation is not sufficient to overcome the strong common law presumption in favor of public access." *Wilson*, 759 F.2d at 1570-71.

2

### III. ANALYSIS

The Defendants' have not argued any governmental interest in sealing their financial data, thus the only basis to seal the records would be if the disclosure of the information would interfere with the administration of justice. The Defendants, through a set of conclusory statements, argue that information about Defendants' finances could be used for illegitimate purposes. The Defendants' sole rationale for having the records sealed is the possibility of "negative public sentiment." (Defs.' Am. Mot. to Seal 12, ECF No. 250). The decisional law is clear: harm to a company's reputation is not a sufficient justification for sealing records. UCEA has not established a sufficient basis to warrant the relief sought.

### IV. CONCLUSION

For the reasons explained in this order, the Defendants' Amended Motion to Seal (ECF No. 250) is **DENIED**. Relatedly, the Defendants' Motion to Seal (ECF No. 249) is **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 21st day of December 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*